**Vincent VANNESS, Plaintiff–
Appellant,**

v.

**Eddie CRUZ, Defendant–Appellee.**

Docket No. 00–199.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Vincent Vanness, pro se, Auburn, NY, for Plaintiff–Appellant.

Nicola N. Grey, Assistant Attorney General, (Eliot Spitzer, Attorney General of the State of New York, Marion R. Buch-

binder, Assistant Solicitor General, on the brief), New York, NY, for Defendant–Appellee.

Present MESKILL, CALABRESI, B.D. PARKER, JR., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff–Appellant Vincent Van Ness, an inmate incarcerated with the New York Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 against corrections officers Anthony Lorenzo and Eddie Cruz, alleging that the officers violated his constitutional rights by using excessive force against him during a "pat frisk" outside his cell in August 1997. The suit sought monetary damages for "pain and suffering, mental stress, and cruel and unusual punishment." In due course the suit proceeded to trial, where a jury found Officer Cruz liable, and Officer Lorenzo not liable, for violating Van Ness's constitutional rights. The jury awarded Van Ness nominal damages of $1.00.

On appeal, pro se, Van Ness asserts (1) that by withholding certain medical records, the defendants and their counsel deliberately concealed and misrepresented the extent of Van Ness's injuries; (2) that he was denied effective assistance of counsel; and (3) that the district court abused its discretion by denying Van Ness the right to introduce evidence of prior uses of force by Officers Cruz and Lorenzo. We reject each of these claims.

First, absent special circumstances, a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Appellant did not raise below his claim that the defendants withheld his medical records. Because no circumstances exist to warrant departure from our general rule, we deem the issue forfeited and decline to address it.

As to Appellant's second claim, there is no constitutionally guaranteed right to the assistance of counsel in a civil case. *United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981). Therefore, complaints about one's attorney in a civil case provide no basis for reversal on appeal.

Finally, we review for abuse of discretion a district court's decision to admit evidence of other crimes. *See United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998). "[T]o find an abuse of that discretion we must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." *Id.* (internal quotation marks omitted). Rule 404(b) provides, in relevant part, that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," such evidence may be admissible for another purpose, such as "proof of motive, opportunity, intent, preparation, [or] plan." Fed. R.Evid. 404(b). Even where such evidence is admissible for those purposes, however, the district court may exclude it when the danger of unfair prejudice or undue delay outweighs its potential probative value. *See* Fed.R.Evid. 403. After hearing from both parties and considering the issue, the district court concluded that the evidence Appellant sought to introduce would cause undue delay, and was of only nominal probative value. Although other conclusions are possible, we cannot say that the district court's decision was an abuse of its discretion.

We have considered all of Appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.